IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

       Plaintiff,

  v.

TYWANN NAPPER,

       Defendant.

Criminal No. 17-00219-5
Criminal No. 18-00070
ELECTRONICALLY FILED

**MEMORANDUM ORDER RE: MOTION TO WITHDRAW GUILTY PLEA**

I.    <u>Introduction</u>

On August 22, 2017, at Criminal No. 17-00219-5, Defendant was charged in a three-count multi-defendant Indictment, with: (1) Conspiracy to Possess With Intent to Distribute and Distribute quantities of heroin, cocaine, and cocaine base, contrary to 21 U.S.C. § 841(a)(1), in violation of 21 U.S.C. § 846, and (2) Possession With Intent to Distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). (Doc. 1). On March 19, 2018, at Criminal No. 18-00070, Defendant was charged by Information with Possession With Intent to Distribute 100 grams or more of heroin, 28 grams or more of crack cocaine, 40 grams or more of fentanyl, and a quantity of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(i), 841(b)(1)(B)(iii), 841(b)(1)(B)(vi), and 841(b)(1)(C), and Possession of a Firearm by a Felon, in violation of 18 U.S.C. §922(g)(1). (Doc. 1 at Crim. No. 18-70). On March 19, 2018, Defendant waived his right to indictment, (Doc. 8 at Crim. 18-70), and entered a guilty plea to Counts One and Two of the Information at Criminal No. 18-00070, (Doc. 9 at Crim. 18-70). On March 19, 2018, Defendant

also entered a guilty plea to Count One of the Indictment at Criminal No. 17-00219-5. (Doc. 219).

Before the Court is Defendant's counseled Motion to Withdraw Guilty Plea, ([Doc. 336](#) at Crim. No. 17-219, Doc. No. 22 at Crim. No. 18-70), and the Government's Brief in Opposition, (Doc. 352 at Crim. No. 17-219, Doc. No. 30 at Crim. 18-70). Thus, the matter is ripe for adjudication. For the reasons that follow, the Court will deny Defendant's Motion to Withdraw Guilty Plea. (Doc. 336 at Crim. No. 17-219, Doc. 22 at Crim. No. 18-70).

II.  Procedural History

On March 19, 2018, this Court conducted a waiver and change of plea hearing with Defendant, who was counseled by his prior attorney, and Defendant entered a guilty plea on three counts -- Count One of the Indictment at Criminal No. 17-00219-5, and Counts One and Two of the Information at Criminal No. 18-00070.[1] His guilty plea was accepted by this Court only after this Court found Defendant to be competent and conducted a thorough colloquy. This Court further detailed all of the rights that Defendant would forego by pleading guilty to each of the three crimes. This Court also asked the Assistant United States Attorney to define each of the elements for each criminal offense to which Defendant would plead guilty, and asked the Assistant United States Attorney to outline the evidence it would present at trial to meet its burden of proving Defendant had committed the offenses. The Government provided the following summary of the evidence, to which Defendant answered unequivocally that he agreed:

> THE COURT: On behalf of the government, would you now please summarize the evidence as to each of these charges, please?
>
> MR. GILSON: Yes, sir. An investigation into heroin trafficking in and around Clairton, Pennsylvania, resulted in multiple Title III wiretaps, targeting various

---

[1] At the start of the hearing, Defendant was placed under oath, and then was asked if he understood that having been sworn, his answers to the Court's questions were subject to the penalties of perjury or of making a false declaration if he did not answer truthfully. Defendant indicated that he understood.

2

drug traffickers. Defendant Tywan Napper came to the attention of authority upon being intercepted on the wiretap of his brother and co-conspirator, Quintin Napper.

A search warrant later executed at the home of Tywan Napper on February 28, 2017 recovered the following narcotics. Heroin, in an amount approximately equal to one thousand one hundred and ten grams; cocaine, in an amount approximately equal to one and sixty-six grams; crack in an amount approximately equal to 29.8 grams; and fentanyl in an amount equal to approximately one hundred and one grams.

The search of Mr. Napper's residence also yielded an owe sheet with various names and dollar amounts listed next to each name. This owe sheet included the names Quintin and Corey, listing amounts of sixty-six hundred dollars and twenty-seven hundred dollars next to each name, respectively, confirming that Mr. Napper was conspiring with two co-defendants, Quintin Napper and Corey Jackson, in a conspiracy to distribute narcotics among the other names on the owe sheet.

In addition to the narcotics, police also recovered six thousand three hundred and thirty-seven dollars in cash and a firearm listed at Count Two of the information.

Further, at trial, an ATF expert would testify that the firearm crossed state lines to reach the Commonwealth of Pennsylvania. Thus, affecting interstate commerce.

. . .

THE COURT: Sir, in a moment, I will ask you whether you agree with the government's summary of what you did, but, first, you understand your answers may be later used against you in a prosecution for perjury or making a false statement if you do not answer truthfully?
THE DEFENDANT: Yes, sir.
THE COURT: Do you agree with the prosecution summary of what you did?
THE DEFENDANT: Yes, sir.
THE COURT: Are there any additions or corrections you wish to make?
THE DEFENDANT: No, sir.

(Doc. 343 at 21-23). After hearing these recitations from the Court and the Government, Defendant pled guilty to the three charges. (Id. at 30).

III.   Discussion

Rule 11 of the Federal Rules of Criminal Procedure indicates, in relevant part, that Defendant may withdraw his guilty plea after the Court has accepted his plea if "the defendant can show a fair and just reason for requesting the withdrawal." Fed.R.Crim.P. 11 (d)(2)(B).

Defendant bears the "substantial" burden of proving that his reason is "fair and just." *U.S. v. Siddons*, 660 F.3d 699, 703 (3d Cir. 2011). There is "no absolute right to withdraw a guilty plea." *U.S. v. Martinez,* 785 F.2d 111, 113 (3d Cir. 1986).

The fair-and-just-reason inquiry focuses on the so-called *Jones* factors, which take into account, "(1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal." *U.S. v. Ho-Man Lee*, 664 F. App'x. at 127–28 (3d Cir. 2016) (citing *U.S. v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003)). "'A shift in defense tactics, a change of mind, or the fear of punishment are not adequate reasons to impose on the government the expense, difficulty, and risk of trying a defendant who has already acknowledged his guilt by pleading guilty'." *U.S. v. Brown*, 250 F.3d 811, 815 (3d Cir. 2001).

To satisfy the first factor, Defendant must make a credible showing of innocence, supported by a factual record. *Ho-Man Lee,* 664 F. App'x. at 128. In analyzing the second factor, Defendant must provide "strong reasons," *U.S. v. King,* 604 F.3d 125, 139 (3d Cir. 2010), to justify withdrawing what has been described as a "solemn admission" of guilt. *Ho-Man Lee,* 664 F. App'x at 128 (citing *U.S. v. Isaac,* 141 F.3d 477, 485 (3d Cir. 1998)). With respect to the third factor, "the Government need not show such prejudice when a defendant has failed to demonstrate that the other factors support a withdrawal of the plea." *Jones,* 336 F.3d at 252.

Turning to the instant matter, Defendant does not argue his innocence. Defendant also does not argue how the Government would not be prejudiced by a withdrawal of his plea. Thus, application of the first factor and the third factor (to the extent the Court should even reach this factor) weigh against allowing Defendant to withdraw his guilty plea.

With respect to the second factor, the strength of Defendant's reasons for seeking to withdraw his plea, the Court finds the reasons articulated by Defendant are not strong. Defendant first argues his plea of guilty was not entered knowingly, intelligently, and voluntarily because: (1) he did not fully understand the plea agreement because former counsel did not explain it to him or review it with him before the time of the change of plea hearing; (2) at the time of his plea of guilty he was distraught and did not fully comprehend the proceedings; and (3) he was told by former defense counsel that a suppression motion related to the search of his residence had been filed, i.e. that the search violated Defendant's rights under the Fourth Amendment, when, in fact defense counsel had not filed said motion.

Defendant's argument that he did not fully understand the plea agreement because former counsel did not explain it to him or review it with him before the time of the change of plea hearing is unpersuasive in light of the following testimony at the plea hearing:

> THE COURT: Sir, did you read and review the entire agreement with your counsel before you signed it?
> THE DEFENDANT: Yes, sir.
> THE COURT: Do you understand all its terms and contents?
> THE DEFENDANT: Yes, sir.

(Id. at 17-18).

Defendant's argument that at the time of his plea of guilty he was distraught and did not fully comprehend the proceedings also is unpersuasive, in light of the following statements by Defendant at the plea hearing:

> THE COURT: Did you make this decision to plead guilty of your own free will and voluntarily?
> THE DEFENDANT: Yes, sir.
> THE COURT: Do you understand everything I've discussed with you today?
> THE DEFENDANT: Yes, sir.
> THE COURT: Have you ever had any physical or mental illness that affects your ability to understand this proceeding or my explanation of your rights?
> THE DEFENDANT: No, sir.

(Id. at 24).

Defendant's contention that former counsel allegedly advised that he had filed a suppression motion with respect to the search of Defendant's residence, but then did not file said motion, and therefore, his plea was not entered into knowingly, intelligently, and voluntarily, and he was prejudiced because the unconstitutional search was never challenged, this argument is equally unavailing. Defendant has not provided the Court with any evidence from which it could independently assess the constitutional issue. "A defendant cannot generate a reason to withdraw a guilty plea by identifying a potential legal claim in only the vaguest terms." U.S. v. Ollie, 624 F. App'x 807, 810 (3d Cir. 2015), cert den'd, 136 S. Ct. 848 (2016). Further, Defendant's contention is contrary to the following testimony from the change of plea hearing:

> THE COURT: Is there anything you asked [defense counsel] to do that he's not done?
> THE DEFENDANT: No, sir.

(Id. at 24). Finally, the Court queried Defendant about whether he understood that, by pleading guilty, he was giving up "any defenses or challenges" that he may have otherwise had, to which Defendant responded, "[y]es, sir." (Id. at 11).

With respect to Defendant's contention that he should be able to withdraw his plea of guilty because he was prejudiced because the plea agreement contained a stipulation that the amount of heroin found pursuant to the search was in excess of 1000 grams, when in fact the actual amount found pursuant to the search was approximately 45 grams, Defendant simply has not been prejudiced by the stipulation. First, as the Government correctly points in its Opposition, the stipulation does not address only the amount of heroin; it addresses, "that the type and quantity of controlled substance attributable to Tywan Napper in this case for the purposes of § 2D1.1 of the Sentencing Guidelines are amounts of heroin, cocaine, cocaine base, and fentanyl, in a total amount equal to the marihuana [sic] equivalent of at least 1,000 kilograms

of marihuana [sic], but less than 3,000 kilograms of marihuana [sic]." (Doc. 219-1). Further, the plea agreement specifically states that "[t]his stipulation is not binding on the Court and does not preclude the parties from bringing to the attention of the United States Probation Office or the Court any information not within their knowledge at the time this agreement is executed." (Id.). In other words, the Court is not bound by the stipulation in determining the amount of drugs attributable to Defendant in this case for sentencing purposes, and Defendant is not precluded from arguing to the Court that the amount of drugs attributable to Defendant in this case for sentencing purposes is different from the amount stipulated to in the plea agreement. In fact, consistent with this provision, Defendant filed an "Objection to Presentence Investigation Report" (Doc. 333), and the parties filed a Joint Status Report (Doc. 351), wherein they have agreed that the applicable guideline range in the case is 120 months' imprisonment.

Finally, Defendant's contention that former counsel failed to communicate with him in a sufficient and acceptable manner is contrary to the following testimony, which he stated under oath at the waiver and guilty plea hearing:

> THE COURT: Sir, are you completely satisfied with your attorney's advice and representation?
> THE DEFENDANT: Yes, sir.
> THE COURT: Is there anything he's done that you think he should not have done?
> THE DEFENDANT: No, sir.
> THE COURT: Is there anything you asked him to do that he's not done?
> THE DEFENDANT: No, sir.

(Doc. 343 at 24). As such, these unsupported allegations do not warrant Defendant's withdrawal of his waiver and guilty plea.

IV. Conclusion

The Court's waiver and guilty plea colloquy to Defendant was thorough and unequivocal. The Court was satisfied that Defendant was competent, knew and understood his rights, the

7

consequences of waiving his rights, the offenses charged, the elements of the offenses charged, and the maximum penalties for the offenses charged. Defendant's plea of guilty, thus, was entered into knowingly, intelligently, and voluntarily.

For all of the foregoing reasons, the Court finds that Defendant has failed to satisfy the first two *Jones* factors,[2] and thus, has not shown a fair and just reason for requesting the withdrawal of his guilty plea. Therefore, Defendant's Motion to Withdraw Guilty Plea is **DENIED**. ([Doc. 336](#) at Crim. No. 17-219-5, Doc. 22 at Crim. No. 18-70). The Sentencing Hearing in this matter will remain on its previously scheduled date and time of October 16, 2018, at 10:00 A.M.

**SO ORDERED, this 9th day of October, 2018.**

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All counsel of record

---

[2] As stated, the Government does not have to show that it would be prejudiced by a withdrawal of the defendant's guilty plea "when a defendant has failed to demonstrate that the other [*Jones*] factors support a withdrawal of the plea." *Jones*, 336 F.3d at 252.